IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORNELIUS EUGENE ARCHY, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 23-942-RGA |
| SEAN NOLAN, et al., | : |
| Defendants. | : |

Cornelius Eugene Archy, Howard R. Young Correctional Institution, Wilmington, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

April 3۷, 2024
Wilmington, Delaware

ANDREWS, U.S. District Judge:

On August 28, 2023, Cornelius Eugene Archy, an inmate at Howard R. Young Correctional Institution in Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). He later filed an Amended Complaint (D.I. 11), which is the operative pleading. The Court proceeds to screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

Plaintiff alleges that, on December 3, 2022, he was arrested by the Wilmington Police Department following a traffic stop. He was charged with, and later convicted of, several firearm crimes, including possession of a firearm by a person prohibited, as well as possession of marijuana. In an April 25, 2023 email, a Deputy Attorney General with the Delaware Department of Justice notified Plaintiff's criminal defense counsel that the Wilmington Police Department had "mistakenly dusted the firearm for fingerprints prior to swabbing it for DNA, thereby destroying any possibility of DNA evidence being obtained from the firearm." (D.I. 11 at 5-6). Plaintiff argues that the DNA evidence, had it been preserved, could have established his innocence. For relief, he seeks $3.5 million in damages and release from prison.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening

1

provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (civil actions filed by prisoners seeking redress from governmental entities or government officers and employees). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

2

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

The Supreme Court held in *Heck v. Humphrey* that, where success in a § 1983 action would necessarily imply the invalidity of a conviction or sentence, an individual's suit for damages or equitable relief is barred unless he can demonstrate that his conviction or sentence has been invalidated. 512 U.S. 477, 486-87 (1994). The Court construes Plaintiff's failure-to-preserve evidence claim as a due-process violation under *Brady v. Maryland*, 373 U.S. 83, 83 (1963). In *Gravely v. Speranza*, 408 F. Supp. 2d

3

185, 189-90 (D.N.J. 2006), the District of New Jersey so construed such a claim, concluding that it was thus *Heck*-barred, and the Third Circuit agreed on appeal, *see Gravely v. Speranza*, 219 F. App'x 213, 215 (3d Cir. 2007) (per curiam).  The Third Circuit regularly concludes that *Brady* claims are *Heck*-barred because their success on the merits would necessarily imply the invalidity of the conviction.  *See, e.g.*, *Walsh v. Popp*, 726 F. App'x 110, 111 (3d Cir. 2018) (per curiam); *Brookins v. Bristol Twp. Police Dep't*, 642 F. App'x 80, 81 (3d Cir. 2016) (per curiam); *see also Strickler v. Greene*, 527 U.S. 263, 281 (1999) ("[T]here is never a real 'Brady violation' unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict."); *Johnson v. Dossey*, 515 F.3d 778, 781-82 (7th Cir. 2008) (holding that a *Brady* violation accrues upon termination of criminal proceedings in the § 1983 plaintiff's favor).

Plaintiff's conviction has not been invalidated.  Accordingly, the case will be dismissed as *Heck*-barred.

## CONCLUSION

For the above reasons, the Court will dismiss the Amended Complaint without prejudice as *Heck*-barred.

An appropriate Order will be entered.